



SY LEE CASTLE C-82790
KVSP B-5-122
P.O. BOX 5102
DELANO, CA. 93216

2254 ___ 1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe ___

FILED
FEB 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SY LEE CASTLE

PLAINTIFF

V.

M. RAMIREZ, CORRECTIONAL NURSE
A. LOPEZ, CORRECTIONAL NURSE
BOTH OF THEM ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY

DEFENDANTS

'08 CV 0347 DMS POR

CASE NO.

COMPLAINT FOR VOILATION OF CIVIL RIGHTS 42 U.S.C § 1983 AND DEMAND FOR JURY TRIAL

IRT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
98 10024

## JURISDICTION

THIS ACTION ARISES UNDER THE U.S. CONSTITUTION AND THE CIVIL RIGHT ACT PURSUANT TO 42 U.S.C. § 1983 AND THE EIGHT AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION. JURISDICTION OF THIS COURT IS INVOKED UNDER 28 U.S.C. § 1331, 1341 AND 1343, AND THE AFOREMENTIONED STATUTORY AND CONSTITUTIONAL PROVISIONS.

VENUE IS FOUNDED IN THIS JUDICIAL DISTRICT UPON 28 U.S.C. § 1391 AS THE COMPLAINT OF AROSE IN THIS DISTRICT.

## GENERAL ALLEGATIONS

AT THIS TIME HEREIN MENTIONED, THE PLAINTIFF WAS A CITIZEN OF THE U.S., RESIDING WITHIN THE COUNTY OF CALIPATRIA, STATE OF CALIFORNIA AND WAS AN INMATE AT CALIPATRIA STATE PRISON.

## PARTIES

DEFENDANTS, M. RAMIREZ AND A. LOPEZ ARE CORRECTIONAL NURSES, ARE EMPLOYED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, WERE RESPONSIBLE FOR ENFORCING THE REGULATIONS OF THE DEPARTMENT AND ARE REQUIRED BY LAW TO OBEY THE LAWS OF THE STATE AND THE UNITED STATES. THEY ARE BOTH SUED IN THEIR INDIVIDUAL CAPACITY.

AT ALL MATERIAL TIMES RELEVANT IN THIS COMPLAINT, THE DEFENDANT AND BOTH OF THEM WERE ACTING AND CONTINUE TO ACT AND UNDER COLOR OF STATE LAW.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
98 10924

BY RESPONSE OF THE DEFENDANTS CONDUCT AND BOTH OF THEM, THE PLAINTIFF WAS DEPRIVED OF RIGHTS, PRIVILEDGES AND IMMUNITIES SECURED TO HIM BY THE EIGHT AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND LAWS THEREUNDER.

ADMINISTRATIVE EXHAUSTION

ON APRIL 8, 2006 PLAINTIFF FILED AN ADMINISTRATIVE APPEAL/ REASONABLE MODIFICATION OR ACCOMMODATION REQUEST REGARDING THE THE APRIL 7, 2006 INCIDENT.

ON APRIL 26, 2006 PLAINTIFF RECEIVED A FIRST LEVEL OF RESPONSE TO APPEAL LOG NO. C-06-00830 THAT WAS PARTIALLY GRANTED ON THE FIRST LEVEL OF REVIEW.

ON MAY 30, 2006 PLAINTIFF FILED A SECOND LEVEL OF RESPONSE TO APPEAL LOG NO. C-06-00830

ON JUNE 29, 2006 PLAINTIFF RECEIVED A SECOND LEVEL OF RESPONSE TO APPEAL LOG NO. C-06-00830 THAT WAS PARTIALLY GRANTED ON THE SECOND LEVEL OF REVIEW.

ON JULY 14, 2006 PLAINTIFF FILED A DIRECTOR'S LEVEL OF REVIEW TO APPEAL LOG NO. C-06-00830.

ON OCTOBER 13, 2006 PLAINTIFF RECEIVED A DIRECTOR'S LEVEL OF REVIEW TO APPEAL LOG NO. C-06-00830 WAS DENIED AT THE LEVEL OF REVIEW.

THIS FULLY EXHAUST PLAINTIFF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ADMINISTRATIVE REMEDIES TO APPEAL LOG NO. C-06-00830 SEE ATTACHED (EXHIBIT A)

URT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
98 10024

FACTUAL ALLEGATIONS

① ON JULY 8, 1999 AT PELICAN BAY STATE PRISON HEREIN AFTER (PBSP) PLAINTIFF WAS STABBED FROM BEHIND IN THE NECK BY ANOTHER PRISONER THAT RESULTED IN PLAINTIFF BECOMING PARALYZED FROM THE CHEST DOWN

② AS A RESULT OF THE STABBING PLAINTIFF HAS BEEN DIAGNOSED PERMENTLY MOBILITY IMPAIRED (LOWER EXTREMITIES)

③ ON APRIL 9, 2001 AT SALINAS VALLEY STATE PRISON HEREIN AFTER (SVSP) PLAINTIFF WAS EXAMINED BY DR. THEODORE KACZMAR NEUROLOGIST WHO PRESCRIBED BACLOFEN MEDICATION FOR PLAINTIFF DO TO MUSCLE SPASMS.

④ ON MARCH 23, 2006 AT (SVSP) PLAINTIFF WAS EXAMINED BY DR. WILSON WHO STOP PLAINTIFF MOTRINS AND PRESCRIBED VICODIN 500 MG X 60 DAYS FOR PLAINTIFF CHRONIC LOWER BACK PAIN.

⑤ ON APRIL 7, 2006 AT APPROXIMATELY 7:00 AM PLAINTIFF WAS TRANSFERRED FROM CALIFORNIA STATE PRISON CORCORAN HEREIN AFTER (CSP-COR) TO CALIPATRIA STATE PRISON HEREIN AFTER (CSP-C)

⑥ PLAINTIFF ARRIVED AT CSP-C AT APPROXIMATELY 2:00 PM AND AT APPROXIMATELY 3:30 PM PLAINTIFF WAS SEEN BY THE ON DUTY NURSE DEFENDANT M. RAMIREZ AT RECEIVING AND RELEASE WHO HAD PLAINTIFF MEDICAL FILES INFRONT OF HER AND I WAS ASKED WHAT TYPE OF MEDICATION I WAS PRESCRIBED AND CURRENTLY TAKING, PLAINTIFF INFORMED DEFENDANT M. RAMIREZ I AM TAKING VICODIN 5/500 MG FOR PAIN AND BACOLFEN 10 MG FOR MUSCLE SPASMS

⑦ WHEN PLAINTIFF REQUESTED THE VICODIN MEDICATION FOR PAIN THE ON DUTY NURSE DEFENDANT M. RAMIREZ DENIED THE PLAINTIFF THE MEDICATION FOR PAIN IN A CRUSH FORM OR PILL FORM.

⑧ ON APRIL 8, 2006 AT APPROXIMATELY 1:00 PM THE ON DUTY (MTA) MEDICAL

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
98 10924

TRAINEE ASSISTANCE CERRILLO CAME TO MY ASSIGNED CELL AND I ALSO INFORMED HER THAT I AM SUFFERING FROM CHRONIC LOWER BACK PAIN AND TAKING VICODIN MEDICATION AND REQUESTED THAT SHE GO CHECK MY MEDICAL FILE AND ONCE SHE VERIFY THAT I AM ON THE CHRONIC PAIN MEDICATION THAT SHE PROVIDE ME WITH THE MEDICATION.

(9) MEDICAL TRAINEE ASSISTANCE CERRILLO STATED THAT IF I GIVE YOU THE MEDICATION YOU WOULD HAVE TO BE HOUSED IN THE INFIRMARY.

(10) PLAINTIFF EXPLAINED TO (MTA) CERRILLO AT (CSP-COR) THE MEDICAL TRAINEE ASSISTANCES WOULD BRING MY MEDICATION TO ME DAILY WITHOUT ME BEING CONFIND IN THE INFIRMARY, I SEE NO REASON WHY I WOULD HAVE TO BE PLACED IN THE INFIRMARY TO RECEIVE MY PRESCRIPTION MEDICATION, AND I SEE NO REASON WHY IM NOT RECEIVING MY PRESCRIBED MEDICATION, IT WAS MADE CLEAR BY MTA CERRILLO THAT THE MEDICATION IS AVAILABLE.

(11) ON APRIL 14, 2006 AT CSP-C PLAINTIFF WAS EXAMINED BY A. LOPEZ ON DUTY NURSE PRACTITIONER AND I EXPLAINED TO HIM THAT IM HAVING SEVERE CHRONIC LOWER BACK PAIN AND WOULD HE HAVE THE NURSE TO GIVE ME MY PAIN MEDICATION DO TO CHRONIC PAIN. NURSE DEFENDANT A. LOPEZ DENIED PLAINTIFF THE PAIN MEDICATION IN A CRUSH OR PILL FORM THAT WAS PRESCRIBED BY DR. WILSON AT (CSP-COR) ON MARCH 23, 2006 FOR 60 DAYS.

(12) ON APRIL 26, 2006 PLAINTIFF WAS INTERVIEWED BY D. FLORES CONCERNING APPEAL LOG NO. 06-00830, WHO STATED (QUOTE) PLEASE BE ADVISED THAT VICODIN IS A MEDICATION THAT IS NOT ALLOWED ON THE YARD AT (CSP-C) IN IT'S SOLID FORM. YOU CAN RECEIVE CRUSHED VICODIN ON THE YARD AT THE CLINIC. IN THE OUTPATIENT HOUSING UNIT IT IS AVAILABLE IN PILL FORM. MR. LOPEZ HAS SUBSTITUTED BACLOFEN FOR THE PAIN MEDICATION THAT YOU WERE RECEIVING AT YOUR FORMER INSTITUTION



URT PAPER
E OF CALIFORNIA
113 (REV. 3-95)
98 10924

AND THIS MAY ACTUALLY WORK BETTER FOR YOU.

(13) DEFENDANT A. LOPEZ NURSE PRACTITIONER DID NOT SUBSTITUTE THE PAIN MEDICATION VICODIN FOR BACLOFEN, PLAINTIFF HAD ALREADY BEEN PRESCRIBED BACLOFEN MEDICATION AT CSP-COR BY DR. PIMAPUKAANTA FROM MARCH 2, 2006 TO MAY 31, 2006 AND THE BACLOFEN WAS PRESCRIBED FOR MUSCLE SPASMS, AND ON APRIL 14, 2006 DEFENDANT A. LOPEZ HAD GIVEN PLAINTIFF THE BACLOFEN MEDICATION HE HAD ALREADY BEEN PRESCRIBED AT HIS FORMER INSTITUTION.

(14) ONCE PLAINTIFF ARRIVED AT (CSP-C) ON APRIL 7, 2006 I WAS DENIED THE PAIN MEDICATION IN A CRUSHED OR SOLID FORM AND ON APRIL 14, 2006 WHEN PLAINTIFF WAS EXAMINED BY DEFENDANT A. LOPEZ EVEN AFTER I INFORMED HIM I WAS IN SEVERE CHRONIC LOWER BACK PAIN IN THE CLINIC PLAINTIFF WAS DENIED THE PAIN MEDICATION IN A CRUSHED OR SOLID FORM, AND THE BACLOFEN MEDICATION DID NOT RELIEVE THE CHRONIC PAIN IN PLAINTIFFS LOWER BACK.

(15) ON MAY 3, 2006 PLAINTIFF WAS ADMITTED INTO (CSP-C) INFIRMARY DUE TO HIS SPINAL INJURY AND MEDICAL SYMPTOMS THAT HE IS SUFFERING FROM.

(16) THEREFORE ON APRIL 8, 2006 AT (CSP-C) MEDICAL TRAINEE ASSISTANCE CERRILLO WAS CORRECT, I WOULD HAVE TO BE HOUSED IN THE INFIRMARY TO RECEIVE THE PAIN MEDICATION VICODIN. ON MAY 3, 2006 WHEN PLAINTIFF WAS ADMITTED IN THE INFIRMARY ON MAY 3, 2006 I WAS THEN PROVIDED WITH THE PAIN MEDICATION VICODIN.

FIRST CAUSE OF ACTION

DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS

(17) PLAINTIFF HEREBY REALLEGE AND INCORPORATE ALL PRECEDING



COURT PAPER
STATE OF CALIFORNIA
113 (REV. 3-95)
98 10924

PARAGRAPHS AS THOUGH FULLY SET FORTH HEREIN 1 THROUGH 16

(18) PLAINTIFF IS A VERIFIED PERMANENTLY MOBILITY IMPAIRED INMATE.

(19) PLAINTIFF CLAIM THAT DEFENDANTS M. RAMIREZ AND A. LOPEZ DEMONSTRATED DELIBRATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS WHEN THEY KNEW THAT PLAINTIFF HAVE A SPINAL CORD INJURY, DEFENDANTS KNEW THAT PLAINTIFFS WAS PRESCRIBED PAIN MEDICATION VICODIN BY DR. WILSON, PLAINTIFF INFORMED BOTH DEFENDANT THAT HE WAS IN CHRONIC PAIN AND THAT HE NEEDS HIS PAIN MEDICATION, AND BOTH DEFENDANTS DENIED PLAINTIFF THE PAIN MEDICATION IN A CRUSHED OR SOLID FORM FOR 27 DAYS.

(20) DEFENDANTS INTENTIONALLY AND DELIBERATELY DENIED AND/OR REFUSED PLAINTIFF TO GAIN ACCESS TO HIS PRESCRIPTION PAIN MEDICATION VICODIN THAT WOULD HAVE HELPED HIS CHRONIC LOWER BACK PAIN AND BY THE DEFENDANTS DENYING PLAINTIFF HIS PRESCRIBED PAIN MEDICATION COMPLETELY, DID NOT ADVANCE OR SUPPORT ANY LEGITIMATE PENOLOGICAL INTEREST AND AS A RESULT PLAINTIFF SUFFERED A CHILLING EFFECT.

(21) AS A RESULT OF THE DEFENDANTS, PLAINTIFF HAS BECOME MENTALLY UPSET, DISTRESSED AND AGGRAVATED WHICH AFFECTED HIS DAILY ACTIVITIES. BY REASON OF THE AFORE DISCRIBED ACTS AND OMMISSIONS OF DEFENDANTS, PLAINTIFF SUSTAINED GREAT NUMEROUS PHYSICAL MENTAL AND EMOTIONAL INJURIES, INCLUDING, BUT NOT LIMITED TO SEVERE CHRONIC LOWER BACK PAIN, HUMILIATION, INDIGNITIES, PAIN AND SUFFERING. PLAINTIFF CLAIMS GENERAL DAMAGES FOR SUCH MENTAL DISTRESS AND AGGRAVATION.

(22) THE AFORE MENTIONED ACTS OF DEFENDANTS WERE WILLFUL, WANTON, MALICIOUS, OPPRESSIVE, VEXATIOUS, DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE TO AND/OR CALLOUS DISREGARD FOR PLAINTIFFS RIGHTS AND JUSTIFY AN AWARD OF EXEMPLARY AND PUNITIVE DAMAGES.

(23) IN COMMITTING THE ACTS SET FORTH HEREIN ABOVE, THE DEFENDANTS

COURT PAPER
STATE OF CALIFORNIA
113 (REV. 3-95)
98 10924

VIOLATED PLAINTIFF FEDERALLY PROTECTED RIGHTS THE EIGHT AMENDMENT BEING DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS CRUEL AND UNUSAL PUNISHMENT DENIAL OF MEDICAL CARE.

SECOND CAUSE OF ACTION

THE DEFENDANTS ACTS AND OMISSIONS CONSTITUTED A VIOLATION OF PLAINTIFFS RIGHTS TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT

(24) PLAINTIFF HEREBY REALLEGE AND INCORPORATE ALL PRECEDING PARAGRAPHS AS THOUGH FULLY SET FORTH HEREIN 1 THROUGH 16

(25) ON JULY 8, 1999 AT PELICAN BAY STATE PRISON PLAINTIFF WAS STABBED FROM BEHIND IN THE NECK BY ANOTHER PRISONER THAT RESULTED IN PLAINTIFF BECOMING PARALYZED FROM THE CHEST DOWN.

(26) PLAINTIFF IS A VERIFIED PERMANENTLY MOBILITY IMPAIRED INMATE.

(27) PLAINTIFF CLAIM THAT DEFENDANTS M. RAMIREZ AND A. LOPEZ DEMONSTRATED A VIOLATION OF PLAINTIFFS RIGHTS TO EQUAL PROTECTION WHEN THEY KNEW THAT PLAINTIFF HAVE A SPINAL CORD INJURY, DEFENDANTS KNEW THAT PLAINTIFFS WAS PRESCRIBED PAIN MEDICATION VICODIN BY DR. WILSON, PLAINTIFF INFORMED BOTH DEFENDANTS THAT HE WAS IN CHRONIC PAIN AND THAT HE NEEDS HIS PAIN MEDICATION, AND BOTH DEFENDANTS DENIED PLAINTIFF THE PAIN MEDICATION IN A CRUSHED OR SOLID FORM FOR 27 DAYS.

(28) DEFENDANTS INTENTIONALLY AND DELIBERATELY DENIED AND/OR REFUSED PLAINTIFF TO GAIN ACCESS TO HIS PRESCRIPTION PAIN MEDICATION VICODIN THAT WOULD HAVE HELP HIS CHRONIC LOWER BACK PAIN AND BY THE DEFENDANTS DENYING PLAINTIFF HIS PRESCRIBED PAIN MEDICATION COMPLETELY, DID NOT ADVANCE OR SUPPORT

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
98 10924

ANY LEGITIMATE PENOLOGICAL INTEREST AND AS A RESULT PLAINTIFF SUFFERED A CHILLING EFFECT.

(29) AS A RESULT OF THE DEFENDANTS, PLAINTIFF HAS BECOME MENTALLY UPSET, DISTRESSED AND AGGRAVATED WHICH AFFECTED HIS DAILY ACTIVITIES. BY REASON OF THE AFORE DISCRIBED ACTS AND OMISSIONS OF DEFENDANTS, PLAINTIFF SUSTAINED GREAT NUMEROUS PHYSICAL MENTAL AND EMOTIONAL INJURIES INCLUDING, BUT NOT LIMITED TO SEVERE CHRONIC LOWER BACK PAIN, HUMILIATION, INDIGNITIES, PAIN AND SUFFERING. PLAINTIFF CLAIMS GENERAL DAMAGES FOR SUCH MENTAL DISTRESS AND AGGRAVATION.

(30) THE AFORE MENTIONED ACTS OF DEFENDANTS WERE WILLFUL, WANTON, MALICIOUS, OPPRESSIVE, VEXATIOUS, DELIBERATE AND DONE WITH RECKLESS INDIFFERENCE TO AND/OR CALLOUS DISREGARD FOR PLAINTIFFS RIGHTS AND JUSTIFY AN AWARD OF EXEMPLARY AND PUNITIVE DAMAGES.

(31) IN COMMITTING THE ACTS SET FORTH HEREIN ABOVE, THE DEFENDANTS VIOLATED PLAINTIFF FEDERALLY PROTECTED RIGHTS EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT.



COURT PAPER
STATE OF CALIFORNIA
113 (REV. 3-95)
98 10924

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAY FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

GENERAL DAMAGES IN THE SUM OF TWO MILLION DOLLARS ($ 2,000,000).
COMPENSATORY DAMAGES IN THE SUM OF TWO MILLION DOLLARS ($ 2,000,000)
SPECIAL DAMAGES IN THE SUM OF TWO MILLION DOLLARS ($ 2.000,000)
PUNITIVE DAMAGES IN THE SUM OF FOUR MILLION DOLLARS ($ 4.000,000)
INTEREST AS PROVIDED BY LAW FOR THE COST OF THIS SUITE.
DECLARATORY JUDGMENT. THAT THE DEFENDANTS ACTS, POLICY AND PRACTICES DESCRIBED HEREIN, VIOLATED PLAINTIFFS RIGHTS UNDER THE UNITED STATES CONSTITUTION.
INJUNCTIVE RELIEF. AN INJUNCTION PREVENTING DEFENDANTS, THEIR SUCCESSORS IN OFFICE, AGENTS, EMPLOYEES, AND ALL OTHER PERSON IN ACTIVE CONCERT AND PARTICIPATING WITH THEM, FROM HARRASSING, THREATENING, PUNISHING OR RETALIATING IN ANY WAY AGAINST PLAINTIFF, BECAUSE HE HAS FILED THIS ACTION OR AGAINST ANY OTHER PRISONER BECAUSE THAT PRISONER SUBMITTED DECLARATIONS IN THIS CASE ON BEHALF OF THE PLAINTIFF.

FOR SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST, PROPER AND EQUITABLE.

DEMAND FOR JURY TRIAL

PLAINTIFF, DEMANDS A TRIAL BY JURY

I DO DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

DATED: Feb 14, 2008

[signature]

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
98 10924