EXHIBIT A

9 PAGES

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    OCT 1 3 2006

In re:    Castle, C-82790
Kern Valley State Prison
P.O. Box 6000
Delano, CA 93216

IAB Case No.: 0600737        Local Log No.: CAL 06-00830

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   **APPELLANT'S ARGUMENT:** It is the appellant's position that he suffers from an old spinal cord injury and he needs Vicodin for the pain. The appellant contends that he was refused the Vicodin by the Registered Nurse. The appellant requests that his medications for pain be restored.

II   **SECOND LEVEL'S DECISION:** The reviewer noted that Vicodin is not approved in pill form for use in the general inmate population. The reviewer noted that the appellant was evaluated by the Nurse Practitioner and was provided chronos for lower bunk/tier, use of a cane, orthopedic shoes, waist restraints and no prolonged walking, bending, and no lifting. The appellant was referred for a neurology and orthopedic consultation. The appellant was prescribed Baclofen for his pain in lieu of the Vicodin. The Second Level of Review (SLR) partially granted the appellant's appeal in that he has been prescribed adequate pain medication.

III   **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A.   **FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The reviewer found that medical staff determined that the appellant did not require Vicodin to treat his medical condition and that the appellant was prescribed Baclofen for his pain. The institution articulated the treatment plan that the appellant is being provided. The Director's Level of Review (DLR) finds that the appellant's medical concerns are being adequately addressed by the institution. California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical staff shall be permitted to diagnose illness and prescribe medication and medical treatment for inmates. It is not appropriate for the appellant to self-diagnose his own medical problems and then expect a medical doctor to implement the appellant's recommendation for a course of medical treatment. The appellant's requests for medication were appropriately reviewed by licensed physicians. The appellant may not choose the specific pain medication that he is prescribed. Therefore no relief is provided at the DLR.

The appellant filed the appeal as an ADA issue. Following careful examination, there is no evidence to support that the issue and its resolution fall within the ARP or CCR 3085. As such, it has been processed in accordance with CCR 3084 et sequitur.

B.   **BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3350, 3350.1, 3350.2, 3354

C.   **ORDER:** No changes or modifications are required by the institution.

1 ,

CASTLE, C-82790
CASE NO. 0600737
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, KVSP
        Appeals Coordinator, KVSP
        Appeals Coordinator, CAL
        Medical Appeals Analyst, CAL

ATTACHMENT
TO: 06-830

DEPARTMENT OF CORRECTIONS

NIA

/PAROLEE
AL FORM
2 (12/87)

Location: Institution/Parole Region    Log No:    Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| CASTLC | C-82790 | | INFIAMAAY 13 |

A. Describe Problem: _____

_____

_____

_____

_____

_____

If you need more space, attach one additional sheet.

B. Action Requested: _____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

RECEIVED
JUL 28 2006
INMATE APPEALS BRANCH

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

**First Level**   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

Staff Signature: _____   Title: _____   Date Completed: _____

Division Head Approved:   Returned

Signature: _____   Title: _____   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied: Appellant is very aware that vicodin is not allow on "NO CDC prison yard in a solid form. The issue is this, I was denied the pain medication completly by Ramirez R.N. and on 4/14/06 I was denied the pain medication completly by A. Lopez N.P. Both the R.N. Ramirez and N.P. Lopez could have crushed the vicodin and observed me taking the medication infront of them, I (see supplemental page)

Signature: _____Cast_____   Date Submitted: 5/30/06

**Second Level**   ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: JUN 0 8 2006 _____ Due Date: 6/21/06

☒ See Attached Letter

Signature: _____ N.Lopez, NP-C _____   A. LOPEZ, RN FNP   Date Completed: 6/27/06

Warden/Superintendent Signature: _____   M. LEVIN, MD, CMO/ 6/27/06   Date Returned to Inmate: 7/5/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied: In A. Lopez Nurse Practitioner stated in his second level of response, I see no reason why I would have to be placed in the infirmary to received my medication, and I see no reason why im not receiving my prescribed medication... The Appellant is currently in the outpatient housing unit (not specifically for pain management) and has been prescribed pain medication as deemed medically necessary, on April 7, 2006 upon my arrival at CSP-Calipatria I was denied the vicodin pain medication by Ramirez register nurse in the crushed or pill form, on April 14, 2006 I was seen by (see supplemental page)

Signature: _____Cast_____   Date Submitted: 7/14/06

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☐ See Attached Letter

Date: OCT 13 2006

CDC 602 (12/87)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**Date**      : June 29, 2006

**To**        : Inmate S. CASTLE,   C82790
              INF - 013

**Subject**   : **SECOND LEVEL APPEAL RESPONSE**
              **LOG NO:  CAL-C-06-00830**

**ISSUE:**     The appellant is submitting this appeal relative to Medications.
It is the appellant's position that upon arrival at Calipatria State Prison he was denied medication (Vicodin) by both M. RAMIREZ, and A. LOPEZ, RN, FNP.

The appellant requests that he be provided medication because he is in pain.

**INTERVIEWED BY:**        J. FLORES, RN, on April 26, 2006.

**REGULATIONS:** The rules governing this issue are:

    California Code of Regulations, Title 15, Article (CCR) 3350. **Provision of Medical Care and Definitions**

**DISCUSSION:** In consideration of this appeal, a review of the appeal and its attachments was conducted. The CCR and all applicable laws and procedures were also considered along with the contents of the appellant's Unit Health Record (UHR) and a personal interview.

The appellant was advised in the First Formal Level Response that he had been evaluated and that an alternate medication had been prescribed. Since that response was written, the appellant has resubmitted the Reasonable Modification or Accommodation Request stating that "...I see no reason why I would have to be placed in the infirmary to receive my medication, and I see no reason why Im (Sic) not receiving my prescribed medication..." The appellant is currently in the Outpatient Housing Unit (not specifically for pain management) and has been prescribed pain medication as deemed medically necessary.

**DECISION:**   The appeal is **Partially Granted** at the Second Formal Level in that the appeal has been reviewed at the Second Formal Level, and the appellant has been evaluated and pain medications have been prescribed as deemed medically necessary.

The appellant is advised that his issue may be submitted for a Director's Level Review within 15 days of receipt of this response if desired.



**A. LOPEZ, RN, FNP**
Nurse Practitioner                          Reviewed by:
Calipatria State Prison

**M. LEVIN, MD**
Chief Medical Officer
Calipatria State Prison

A. LOPEZ NURSE practitioner who also denied me the vicodin pain medication in a crushed form or pill form that was prescribed to me by medical doctors at CSP-CORCORAN. MS A CERRILLO WAS very correct when she informed Appellant on April 8, 2006 the only way I would received the vicodin pain medication I would have to be housed in the infirmary. On May 3, 2006 Appellant was admitted in the outpatient Housing Unit/infirmary thats when they prescribed the vicodin pain medication to Appellant. Befor then I was denied the vicodin pain medication For 27 days, during these 27 days Appellant suffered serious chronic lower back pain From a spinal cord injury that affected my daily activities, I even had problems with sleeping, I was in so much pain.

The alternate medication BACLOFEN that was ~~renewed~~ updated at CSP-CALIPATRIA on April 14, 2006 by A. LOPEZ Nurse practitioner was already prescribed to Appellant at CSP-CORCORAN medical doctors for muscle spasms befor I even arrived at CSP-CALIPATRIA, the same as the vicodin medication by medical doctor for chronic pain at CSP-~~CALIPATRIA~~ CORCORAN was prescribed to Appellant befor I even arrived at CSP-CALIPATRIA

So the BACLOFEN medication A. LOPEZ Nurse practitioner updated was not an alternate or substitute medication, the BACLOFEN medication is the same prescription that was prescribed to Appellant at CSP-CORCORAN.

15

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

| | | |
|---|---|---|
| **Inmate:** | **CASTLE, S** | **Attachment** |
| **CDC #** | **C-82790** | |
| **Appeal #** | **CAL-C-06-00830** | |

## REVIEWER'S ACTION

### TYPE OF ADA ISSUE

☒ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☐ Auxiliary Aid or Device Requested

☒ Other: __PAIN MEDICATION__

☐ PHYSICAL ACCESS (Requiring structural modification)

**DISCUSSION OF FINDINGS:** The appellant was interviewed at +/- 1000 hours on April 26, 2006, by J. FLORES, RN. The appellant is requesting pain medication for an old spinal cord injury. He states that he arrived at Calipatria State Prison on April 7, 2006. He states that he was evaluated by the R&R Nurse and he advised her that he was taking Vicodin. However, he was denied the medication. When he discussed the issue with S. CERRILLO, MTA, he was advised that he could not be prescribed Vicodin and still be housed on the yard. The appellant is requesting that he be prescribed Vicodin for use on the yard.

**4/26/2006**
DATE INMATE/PAROLEE WAS INTERVIEWED

J. FLORES, RN
PERSON WHO CONDUCTED INTERVIEW

### DISPOSITION

☐ GRANTED      ☐ DENIED      ☒ PARTIALLY GRANTED

**BASIS OF DECISION:** You were evaluated / interviewed on 4/26/06 by Mr. A. LOPEZ, NP. At that time you were provided Chronos for a lower bunk/tier, use of a cane, orthopedic shoes, waist restraints, and no prolonged walking, bending, and no lifting. These Chronos must be approved by the Chrono Committee. You will be advised of their decision when you receive your (Gold) copy of the chrono. Mr. LOPEZ also referred you for a Neurology, and an Orthopedic consultation. Your were given a prescription for medication and advised to return to the clinic in one month. Please be advised that Vicodin is a medication that is not allowed on the Yard at Calipatria State Prison in its solid form. You can receive crushed Vicodin on the yard at the Clinic. In the Outpatient Housing Unit it is available in pill form. Mr. LOPEZ has substituted Baclofen for the pain medication that you were receiving at your former Institution and this may actually work better for you.

The Request is **PARTIALLY GRANTED** in that the appellant has been evaluated, the appropriate pain medications, and chronos have been prescribed.

| DISPOSITION RENDERED BY: (Name) | TITLE: | INSTITUTION FACILITY: |
|---|---|---|
| J. FLORES, RN | Staff RN | CAL |

### APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE: | DATE SIGNED: |
|---|---|
| M. LEVIN, MD. CMO/HCM | 5/25/06 |

16

CAL    C 06 00830

requested the medication and was denied. On April 8, 2006 at approximately 1:00 pm the on duty MTA CERRILLO came to my cell and I also informed her that I am suffering from chronic pain and taking Vicintin medication and I requested that she go check my medical file and once she has verified that Im on the chronic pain medication that she provide me with the medication.

MTA cerrillo stated that if I give you this medication I would have to be housed in the infirmary. At CSP-concoran the MTA would bring my medication to me daily without me being in the infirmary. I see no reason why I would have to be placed in the infirmary to receive my medication, and I see no reason why Im not receiving my prescribed medication, it was made clear by MTA cerrillo that the medication is available.

Castle C·82790

( )

RECEIVED CAL APPEALS  APR 11 2006

STATE  RECEIVED CAL APPEALS  JUN 0 7 2006                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION | LOG NUMBER | CATEGORY |
|---|---|---|
| CAL | C 08 00830 | 18. ADA |

⑧

*NOTE:* **THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

CASTLE, Sylee

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| CASTLE | C-82790 | | | C-3-149 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

SPINAL CORD INJURY PERMANENTLY MOBILITY IMPAIRED (LOWER EXTREMITIES)

INMATE APPEALS BRANCH  JUL 28 2006  RECEIVED

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

DISABILITY PLACEMENT PROGRAM VERIFICATION

DESCRIBE THE PROBLEM:

ON MARCH 23, 2006 AT CALIFORNIA STATE PRISON - CORCORAN INMATE CASTLE WAS PRESCRIBED VIKINTIN PAIN MEDICATION FROM MARCH 23, 2006 TO MAY 23, 2006 PER MEDICAL DOCTOR DO TO CHRONIC PAIN FROM A SEVERE SPINAL CORD INJURY. APRIL 7, 2006 AT APPROXIMATELY 2:00 PM I ARRIVED AT CSP-CAL. PATRIA, AND AT APPROXIMATELY 3:30 PM I WAS SEEN BY THE ON DUTY R.N. AT RECEIVING'S RELEASE AND WAS ASKED WHAT TYPE OF MEDICATION WAS PRESCRIBED AND CURRENTLY TAKEN, I INFORMED THE R.N. THAT IM TAKING VIKINTIN AND I

(SEE SUPPLEMENTAL PAGE)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I REQUEST MY MEDICATION BECAUSE IM IN PAIN.

| Castle | April 8, 2006 |
|---|---|
| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |

# REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
## CDC 1824 (1/95)

**REVIEWER'S ACTION**

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: APR 1 1 2006
DATE DUE: 5/2/06

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐ Auxiliary Aid or Device Requested

    ☒ Other _PAIN MEDICATION_

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:**

### PLEASE SEE ATTACHED RESPONSE

4/26/06
DATE INMATE/PAROLEE WAS INTERVIEWED

J. FLORES, RN
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED   ☐ DENIED   ☒ PARTIALLY GRANTED

**BASIS OF DECISION:**

### PLEASE SEE ATTACHED RESPONSE

RECEIVED CAL APPEALS JUN 0 7 2006

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY: (NAME) J. FLORES, RN | TITLE STAFF RN | INSTITUTION/FACILITY CMC

**APPROVAL**

ASSOCIATE WARDEN'S SIGNATURE M. COVIN, MD, CMO/HCM | DATE SIGNED 5/25/06

DATE RETURNED TO INMATE/PAROLEE MAY 3 0 2006

WAS denied the pain medication completely. Mr. Lopez N.p. did not substituted the Baclofen medication for the pain medication, because I was already prescribed the Baclofen medication at csp-corcoran for muscle spasms before I even arrived at csp-calipatria, the same as I was prescribed the vicodin medication at csp-corcoran for chronic pain. But once I arrived at csp-calipatria I was denied the vicodin pain medication completly even in the crushed form, and the Baclofen has never releaved the chronic pain, on May 3, 2006 ~~and start~~ is the first time I was ~~may to~~ issued the pain medication and this is why im receiving the vicodin medication today May 30, 2006 do to chronic pain. And there is no justifiable reason why i should have been denied the pain medication in crushed form, and there is no justifiable reason why i had to suffer chronic pain for 27 days when the pain medication was available and could have been prescribed and issued to me in crushed form.

Castle C·82790

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

**FEB 2 1 2008**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

Sy Lee Castle

2254    1983

**FILING FEE PAID**

Yes ____ No ✓

**IFP MOTION FILED**

Yes ____

**COPIES SENT TO**

Court ____ Prose ____

Ramirez, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Sy Lee Castle
PO Box 5102
Delano, CA 93216
C-82790

**ATTORNEYS (IF KNOWN)**

'08 CV 0347 DMS POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)                FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| | | | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Eiectmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ _____

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    2/21/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Muller