# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br>CDCR #C-82790,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>M. RAMIREZ, Correctional Nurse;<br>A. LOPEZ, Correctional Nurse;<br><br>                              Defendants. | Civil No.    08-0347 DMS (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS***, **IMPOSING NO PARTIAL FILING FEE, GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Sy Lee Castle ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Ramirez and Lopez denied him pain medication upon his arrival at Calipatria State Prison.

////

1  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

**I.  Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time.

*See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

////

1   "[W]hen determining whether a complaint states a claim, a court must accept as true all
2 allegations of material fact and must construe those facts in the light most favorable to the
3 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194
4 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");
5 *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's
6 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
7 which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
8 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the
9 court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
10 *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11   As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim
12 under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a
13 claimant:  (1) that a person acting under color of state law committed the conduct at issue, and
14 (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the
15 Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S.
16 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en
17 banc).

18   In order to assert a claim for inadequate medical care, Plaintiff must allege facts which
19 are sufficient to show that each person sued  was "deliberately indifferent to his serious medical
20 needs."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106
21 (1976).  Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical
22 needs.  *Estelle*, 429 U.S. at 105-06.  In addition, a mere difference of opinion between an inmate
23 and prison medical personnel regarding appropriate medical diagnosis and treatment are not
24 enough to establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.
25 1989).

26   Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an
27 objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of
28 comment, one which significantly affects his daily activities, or one which is chronic and

accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In other words, Plaintiff must plead facts that show that Defendants knew of his "serious" need for medical attention and that each one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*, 511 U.S. at 837.

Here, Plaintiff fails to allege specific facts from which the Court could find that he has adequately stated that either Defendant was deliberately indifferent to a serious medical need. Plaintiff alleges that, upon his transfer to Calipatria State Prison, Defendants Ramirez and Lopez denied him access to pain medication unless he was admitted to the infirmary. (*See* Compl. at 5.) They explained to Plaintiff that his prescription for vicodin was not permitted in the general population. (*Id.*) Plaintiff informed these Defendants that he saw "no reason why I would have to be placed in the infirmary to receive my pain medication." (*Id.*) Plaintiff was later admitted into the infirmary at which time he began receiving his prescription for vicodin. (*Id.* at 6.)

Based on these claims, the Court finds that the alleged actions by Defendants do not rise to the level of deliberate indifference. Plaintiff would have received his pain medication if he went to the infirmary, it appears that he made the choice not to go to the infirmary. Thus, the Court finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted.

In addition, Plaintiff claims that his Fourteenth Amendment right to equal protection have been violated. (*See* Compl. at 8-9). Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging violation of equal protection must allege membership in a protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th

Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Moreover, Plaintiff must also allege Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *See Barren*, 152 F.3d at 1194. In its current form, Plaintiff's Complaint falls short of these necessary pleading requirements, and for this reason alone, it must be dismissed for failing to state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Accordingly, he Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**III.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.     The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.     The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: March 28, 2008

_____
HON. DANA M. SABRAW
United States District Judge