SY LEE CASILL
(Name)

P.O. BOX 5102
(Address)

DELANO, CA 93216
(City, State, Zip)

C-82190
(CDC Inmate No.)

**FILED**

MAY - 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

SY LEE CASILL _____,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

M. RAMIREZ, CORRECTIONAL NURSE
A. LOPEZ, CORRECTIONAL NURSE ,
C. CARILLO CORRECTIONAL (MTA) ,
MEDICAL TRANEE ASSISTANT ,
(Enter full name of each defendant in this action.)

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 08-0347
(To be supplied by Court Clerk)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, SY LEE CASILL
(print Plaintiff's name)

_____, who presently resides at KERN VALLEY STATE PRISON
(mailing address or place of confinement)

P.O. BOX 5102 DELANO, CA. 93216 _____, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at CALIFORNIA STATE

PRISON P.O. BOX 5006, CALIFORNIA CA. 94533 on (dates) 4/7/06 , 4/7/06 , and _____.
(institution/place where violation occurred)          (Count 1)       (Count 2)       (Count 3)

§ 1983 SD Form
(Rev. 4/06)

2. <u>Defendants:</u> (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___M. RAMIREZ___ resides in ___CALIPATRIA, CA.___,
     (name)                                 (County of residence)

and is employed as a ___CORRECTIONAL NURSE___. This defendant is sued in
                      (defendant's position/title (if any))

his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: ___BY DOING DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL___

___NEEDS DENIAL OF MEDICAL CARE   EQUAL PROTECT RIGHTS___

_____.

Defendant ___A. LOPEZ___ resides in ___CALIPATRIA, CA.___,
     (name)                                 (County of residence)

and is employed as a ___CORRECTIONAL NURSE___. This defendant is sued in
                      (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: ___BY DOING DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL___

___NEEDS DENIAL OF MEDICAL CARE, EQUAL PROTECTION RIGHTS___

_____.

Defendant ___C CARILLO___ resides in ___CALIPATRIA___,
     (name)                                 (County of residence)

and is employed as a _CORRECTIONAL MEDICAL TRAINEE ASSISTANT_. This defendant is sued in
                      (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: ___BY DOING DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL___

___NEEDS DENIAL OF MEDICAL CARE, EQUAL PROTECTION RIGHTS___

_____.

Defendant _____ resides in _____,
     (name)                                   (County of residence)

and is employed as a _____. This defendant is sued in
                      (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____.

§ 1983 SD Form
(Rev. 4/06)

2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: RIGHT TO MEDICAL CARE

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 1.]

① ON JULY 8, 1999 AT PELICAN BAY STATE PRISON HEALTH AFTER (PBSP) PLAINTIFF WAS STABBED FROM BEHIND IN THE NECK BY ANOTHER PRISONER THAT RESULTED IN PLAINTIFF BECOMING PARALYZED FROM THE CHEST DOWN

② AS A RESULT OF THE STABBING PLAINTIFF HAS BEEN DIAGNOSED PERMANENTLY MOBILITY IMPAIRED (LOWER EXTREMITIES)

③ ON APRIL 9, 2001 AT SALINAS VALLEY STATE PRISON HEALTH AFTER (SVSP) PLAINTIFF WAS EXAMINED BY DR. THEODORE HACERMA (NEUROLOGIST) WHO PRESCRIBED BACLOFEN MEDICATION FOR PLAINTIFF DO TO MUSCLE SPASMS.

④ ON MARCH 25, 2006 AT CALIFORNIA STATE PRISON CORCORAN HEALTH AFTER (CSPC) PLAINTIFF WAS EXAMINED BY DR. WILSON WHO STOP PLAINTIFF MOBRINS AND PRESCRIBED VICODIN 500 MG X 60 DAYS FOR PLAINTIFF CHRONIC LOWER BACK PAIN.

⑤ ON APRIL 7, 2006 AT APPROXIMATELY 7:00 AM PLAINTIFF WAS TRANSFERRED FROM (CSPC) TO CALIFORNIA STATE PRISON HEALTH (CSP)

⑥ PLAINTIFF ARRIVED AT (CSP) AT APPROXIMATELY 8:00 PM AND AT APPROXIMATELY 8:30 PM PLAINTIFF WAS SEEN BY THE ON DUTY NURSE DEFENDANT M. RAMIREZ AS RECEIVING AND RELEASE (R&R) WHO HAD PLAINTIFF MEDICAL FILES INFRONT OF HER AND DEFENDANT M. RAMIREZ HAD ASKED WHAT TYPE OF MEDICATION I WAS PRESCRIBED AND CURRENTLY TAKING, PLAINTIFF INFORMED DEFENDANT M. RAMIREZ I AM TAKING VICODIN 500 MG FOR PAIN AND BACLOFEN 10 MG FOR MUSCLE SPASMS

⑦ WHEN PLAINTIFF REQUESTED THE VICODIN MEDICATION FOR PAIN THE ON DUTY NURSE DEFENDANT M. RAMIREZ DENIED THE PLAINTIFF THE MEDICATION FOR PAIN IN A CAPSON FORM OR PILL FORM.

⑧ ON APRIL 8, 2006 AT APPROXIMATELY 1:00 PM THE ON DUTY (MTA) MEDICAL TRAINEE ASSISTANCE CERRILLO CAME TO MY ASSIGNED CELL AND I ALSO INFORMED HER.

1  THAT I AM SUFFERING FROM CHRONIC LOWER BACK PAIN AND TAKING VICODIN MEDICATION

2  AND REQUESTED THAT SHE GO CHECK MY MEDICAL FILE AND ONCE SHE VERIFY THAT

3  I AM ON THE CHRONIC PAIN MEDICATION THAT SHE PROVIDE ME WITH THE MEDICATION.

4  ⑤ MEDICAL TRAINEE ASSISTANCE CERRILLO INSTEAD OF CHECKING MY MEDICAL

5  FILES SHE STATED THAT IF I WOULD TO RECEIVE THE MEDICATION I WOULD HAVE

6  TO BE HOUSED IN THE INFIRMARY.

7  ⑥ PLAINTIFF EXPLAINED TO (MTA) CERRILLO AT (CSP CORCORAN) THE MEDICAL

8  TRAINEE ASSISTANCES WOULD BRING MY MEDICATION TO ME DAILY WITHOUT ME BEING

9  CONFINE IN THE INFIRMARY, I SEE NO REASON WHY I WOULD HAVE TO BE PLACED

10  IN THE INFIRMARY TO RECEIVE MY PRESCRIPTION MEDICATION, AND I SEE NO REASON

11  WHY I'M NOT RECEIVING MY PRESCRIBED MEDICATION, IT WAS MADE CLEAR BY MTA

12  CERRILLO THAT THE MEDICATION IS AVAILABLE.

13  ⑦ ON APRIL 14, 2006 AT (CSP) PLAINTIFF WAS EXAMINED BY DEFENDANT A. LOPEZ

14  ON DUTY NURSE PRACTITIONER AND I EXPLAINED TO HIM THAT I'M HAVING

15  SEVERE CHRONIC LOWER BACK PAIN AND WOULD HE HAVE THE NURSE TO GIVE ME

16  MY PAIN MEDICATION DO TO CHRONIC PAIN. DEFENDANT A. LOPEZ DENIED PLAINTIFF

17  THE PAIN MEDICATION IN A CRUSH OR PILL FORM THAT WAS PRESCRIBED BY DR.

18  WILSON AT (CSP·CORCORAN) ON MARCH 23, 2006 FOR 60 DAYS.

19  ⑧ ON APRIL 26, 2006 PLAINTIFF WAS INTERVIEWED BY O. FLOREZ REGISTER

20  NURSE CONCERNING APPEAL LOG NO. 06-00830, WHO STATED IN HIS FIRST LEVEL

21  OF RESPOND, PLEASE BE ADVISED THAT VICODIN IS A MEDICATION THAT IS NOT

22  ALLOWED ON THE YARD AT (CSP) IN IT'S SOLID FORM. YOU CAN RECEIVE

23  CRUSHED VICODIN ON THE YARD AT THE CLINIC. IN THE OUTPATIENT HOUSING

24  UNIT IT IS AVAILABLE IN PILL FORM. MR. LOPEZ HAS SUBSTITUTED BACLOFEN

25  FOR THE PAIN MEDICATION THAT YOU WERE RECEIVING AT YOUR FORMER

26  INSTITUTION AND THIS MAY ACTUALLY WORK BETTER FOR YOU.

27  ⑨ DEFENDANT A. LOPEZ NURSE PRACTITIONER DID NOT SUBSTITUTE THE PAIN

28  MEDICATION VICODIN FOR BACLOFEN, PLAINTIFF HAD ALREADY BEEN PRESCRIBED

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
P 98 10924

1  BACLOFEN MEDICATION AT CSP CORCORAN BY DR. PIMATUKARNIA FROM MARCH 2, 2006

2  TO MAY 31, 2006 AND THE BACLOFEN WAS PRESCRIBED FOR MUSCLE SPASMS, AND ON

3  APRIL 14, 2006 DEFENDANT A. LOPEZ HAD GIVEN PLAINTIFF THE BACLOFEN

4  MEDICATION HE HAD ALREADY BEEN PRESCRIBED AT HIS FORMER INSTITUTION.

5  ⑪ ONCE PLAINTIFF ARRIVED AT (CSP) ON APRIL 7, 2006 I WAS DENIED THE

6  PAIN MEDICATION VICODIN IN A CRUSHED OR SOLID FORM BY DEFENDANT M.

7  RAMIREZ, ON APRIL 8, 2006 I WAS DENIED THE PAIN MEDICATION VICODIN IN A

8  CRUSHED OR SOLID FORM BY DEFENDANT CERRILLO AND ON APRIL 14, 2006 I WAS

9  DENIED THE PAIN MEDICATION VICODIN IN A CRUSHED OR SOLID FORM BY

10  DEFENDANT A. LOPEZ EVEN AFTER I INFORMED THE DEFENDANTS I WAS IN

11  SEVERE CHRONIC LOWER BACK PAIN IN THE CLINIC ON THE YARD PLAINTIFF

12  WAS DENIED THE PAIN MEDICATION VICODIN IN A CRUSHED OR SOLID FORM, AND

13  THE BACLOFEN MEDICATION DO NOT RELIEVE THE CHRONIC PAIN IN PLAINTIFFS

14  LOWER BACK.

15  ⑫ ON MAY 3, 2006 PLAINTIFF WAS ADMITTED INTO THE INFIRMARY DO TO HIS

16  SPINAL CORD INJURY AND RELATED MEDICAL SYMPTOMS THAT HE IS SUFFERING

17  FROM.

18  ⑬ ON MAY 3, 2006 WHEN PLAINTIFF WAS ADMITTED IN THE INFIRMARY I WAS

19  THEN PROVIDED WITH THE PAIN MEDICATION VICODIN BY DEFENDANT A. LOPEZ.

20

21              FIRST CAUSE OF ACTION

22

23        DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS

24

25  ⑭ PLAINTIFF HEREBY RE-ALLEGE AND INCORPORATE ALL PRECEEDING PARAGRAPHS

26  AS THOUGH FULLY SET FORTH HEREIN 1 THROUGH 16

27  ⑮ PLAINTIFF IS A VERIFIED PERMANENTLY MOBILITY IMPAIRED INMATE.

28  ⑯ PLAINTIFF ALLEGE ON APRIL 7, 2006 DEFENDANT M. RAMIREZ DEMONSTRATED

URT PAPER
TE OF CALIFORNIA
. 113 (REV. 3-95)
P 98 10924

1  DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS WHICH SHE

2  KNEW THAT PLAINTIFF HAVE A SPINAL CORD INJURY SUFFERING FROM CHRONIC LOWER

3  BACK PAIN AND WHEN PLAINTIFF REQUESTED HIS PAIN MEDICATION HE WAS DENIED

4  HIS PRESCRIBED PAIN MEDICATION VICODIN IN A CRUSHED FORM ON THE YARD.

5  (E) ON APRIL 8, 2006 DEFENDANT CEARILLO DEMONSTRATED DELIBERATE INDIFFERENCE

6  TO PLAINTIFF SERIOUS MEDICAL NEEDS WHICH PLAINTIFF INFORMED HER THAT I AM

7  SUFFERING FROM CHRONIC LOWER BACK PAIN AND REQUESTED HIS VICODIN MEDICATION

8  AND WAS DENIED THE PAIN MEDICATION IN A CRUSHED FORM ON THE YARD.

9  (F) ON APRIL 14, 2006 DEFENDANT A. LOPEZ DEMONSTRATED DELIBERATE INDIFFERENCE

10  TO PLAINTIFF SERIOUS MEDICAL NEEDS WHEN HE KNEW THAT PLAINTIFF HAVE A

11  SPINAL CORD INJURY SUFFERING FROM CHRONIC LOWER BACK PAIN AND WHEN

12  PLAINTIFF REQUESTED HIS PAIN MEDICATION HE WAS DENIED HIS PRESCRIBED PAIN

13  MEDICATION VICODIN IN A CRUSHED FORM ON THE YARD AT THE CLINIC.

14  (G) EACH OF THE DEFENDANTS KNEW THAT PLAINTIFF COULD RECEIVED THE VICODIN

15  PAIN MEDICATION IN A CRUSHED FORM ON THE YARD OR AT THE YARD CLINIC. ON

16  APRIL 26, 2006 J. FLOREZ (RN) REGISTER NURSE FIRST LEVEL OF RESPONSE TO

17  PLAINTIFF ADMINISTRATIVE APPEAL LOG NO. 06-00830 STATED, PLAINTIFF CAN

18  RECEIVED CRUSHED VICODIN ON THE YARD OR AT THE YARD CLINIC.

19  (H) ONCE PLAINTIFF ARRIVED AT CALIFORNIA STATE PRISON ON APRIL 7, 2006 AND

20  WAS SEEN BY DEFENDANT M. RAMIREZ ON DUTY REGISTER NURSE WHO HAS

21  PLAINTIFF MEDICAL FILES INFRONT OF HER AND KNEW THAT PLAINTIFF HAVE A

22  SEVERE SPINAL CORD INJURY PERMANENTLY MOBILITY IMPAIRED (LOWER EXTREMITIES) AND

23  KNEW THAT HE WAS SUFFERING FROM CHRONIC LOWER BACK PAIN AND SHE KNEW

24  PLAINTIFF WAS PRESCRIBED PAIN MEDICATION VICODIN AND DEFENDANT KNEW THAT

25  PLAINTIFF COULD RECEIVED THE VICODIN IN A CRUSHED FORM ON THE YARD. AND

26  PLAINTIFF REQUESTED THE MEDICATION HE WAS DENIED IT.

27  (I) ON APRIL 8, 2006 PLAINTIFF INFORMED DEFENDANT CEARILLO THAT IM SUFFERING

28  FROM CHRONIC LOWER BACK PAIN AND PRESCRIBED VICODIN MEDICATION AND REQUESTED

1  THAT SHE GO CHECK MY MEDICAL FILE AND ONCE SHE VERIFY THAT I AM

2  PRESCRIBED THE VICODIN PAIN MEDICATION THAT SHE PROVIDE ME THE MEDICATION.

3  DEFENDANT CARILLO REFUSED TO CHECK MY MEDICAL FILE, BUT INSTEAD INFORMED

4  PLAINTIFF THAT HE WOULD HAVE TO BE HOUSED IN THE INFIRMARY TO RECEIVE

5  THE VICODIN PAIN MEDICATION. DEFENDANT CARILLO KNEW THAT PLAINTIFF COULD

6  RECEIVE THE VICODIN PAIN MEDICATION IN A CRUSHED FORM ON THE YARD AND

7  WHICH PLAINTIFF REQUESTED THE VICODIN PAIN MEDICATION. DEFENDANT CARILLO

8  DENIED PLAINTIFF THE PAIN MEDICATION.

9  (23) ON APRIL 14, 2006 PLAINTIFF WAS SEEN AT THE YARD CLINIC BY DEFENDANT

10  A. LOPEZ KNEW THAT PLAINTIFF HAVE A SEVERE SPINAL CORD INJURY PERMANENTLY

11  MOBILITY IMPAIRED (LOWER EXTREMITIES) DEFENDANT KNEW THAT PLAINTIFF WAS SUFFERING

12  FROM CHRONIC LOWER BACK PAIN, DEFENDANT A. LOPEZ KNEW THAT PLAINTIFF WAS TAKING

13  VICODIN PAIN MEDICATION THAT WAS PRESCRIBED BY DR. WILSON ON MARCH 23, 2006

14  FOR 60 DAYS AT CORCORAN STATE PRISON. AND DEFENDANT A. LOPEZ DENIED PLAINTIFF

15  THE PAIN MEDICATION IN A CRUSHED FORM ON THE YARD AT THE YARD CLINIC,

16  WHEN DEFENDANT A. LOPEZ KNEW THAT PLAINTIFF COULD RECEIVE THE VICODIN PAIN

17  MEDICATION ON THE YARD IN A CRUSHED FORM.

18  (24) EACH OF THE DEFENDANTS INTENTIONALLY AND DELIBERATELY DENIED AND/OR

19  REFUSED PLAINTIFF A DISABLE INMATE WITH A SPINAL CORD INJURY SUFFERING FROM

20  CHRONIC LOWER BACK PAIN TO GAIN ACCESS TO HIS PRESCRIPTION PAIN MEDICATION

21  VICODIN IN A CRUSHED FORM ON THE YARD AND AT THE YARD CLINIC WHEN EACH OF

22  THE DEFENDANTS KNEW THAT PLAINTIFF COULD RECEIVE THE VICODIN PAIN MEDICATION

23  IN A CRUSHED FORM AS STATED BY D. FLORES REGISTER NURSE THAT WAS

24  PRESCRIBED BY DR. WILSON ON MARCH 23, 2006 AT CORCORAN STATE PRISON. THE

25  VICODIN PAIN MEDICATION HAD A GREATER EFFECT ON RELIEVING PLAINTIFFS

26  CHRONIC LOWER BACK PAIN AND BY EACH OF THE DEFENDANTS DENYING PLAINTIFF

27  HIS PRESCRIPTION PAIN MEDICATION VICODIN IN A CRUSHED FORM ON THE YARD

28  AND AT THE YARD CLINIC HAD A SUFFICIENT CULPABLE STATE OF MIND

URT PAPER
TE OF CALIFORNIA
. 113 (REV. 3-85)
P 98 10924

1   KNOWING THAT THEIR WRONG DOING DO NOT ADVANCES OR SUPPORT ANY

2   LEGITIMATE PENOLOGICAL INTEREST TO DENY AND/OR REFUSED PLAINTIFF HIS

3   PAIN MEDICATION VICODIN IN A CRUSHED FORM ON THE YARD AND AT THE

4   YARD CLINIC.

5   (17) DEFENDANTS ACTIONS CONTRIBUTED TO OR EXACERBATED PLAINTIFF PHYSICAL

6   INJURIES CONSTITUTING TO THE UNNECESSARY WANTON INFLICTION OF PAIN. AS A

7   RESULT OF THE DEFENDANTS ACTS, PLAINTIFF HAS BECOME MENTALLY UPSET,

8   DISTRESSED AN AGGRAVATED. BY REASON OF THE AFORE DESCRIBED ACTS AND

9   OMISSIONS OF DEFENDANTS, PLAINTIFF SUSTAINED GREAT NUMEROUS PHYSICAL,

10  MENTAL AND EMOTIONAL INJURIES, INCLUDING BUT NOT LIMITED TO SEVERE

11  INCREASED CHRONIC LOWER BACK PAIN, HUMILIATION, INDIGNITIES, PAIN AND

12  SUFFERING WHICH AFFECTED HIS DAILY ACTIVITIES. PLAINTIFF CLAIMS GENERAL

13  DAMAGES FOR SUCH MENTAL DISTRESS AND AGGRAVATION.

14  (18) THE AFORE MENTIONED ACTS OF THE DEFENDANTS WERE WILLFUL WANTON,

15  MALICIOUS, OPPRESSIVE, VEXATIOUS, DELIBERATE AND DONE WITH RECKLESS

16  INDIFFERENCE TO AND/OR CALLOUS DISREGARD FOR PLAINTIFF RIGHTS AND

17  JUSTIFY AN AWARD OF EXEMPLARY, CONPENSATORY AND PUNITIVE DAMAGES.

18  (19) IN COMMITTING THE ACTS SET FORTH HEREIN ABOVE, EACH OF THE

19  DEFENDANTS VIOLATED PLAINTIFFS FEDERALLY PROTECTED RIGHTS THE EIGHT

20  AMENDMENT BEING DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS,

21  CRUEL AND UNUSAL PUNISHMENT DENIAL OF MEDICAL CARE.

22

23

24

25

26

27

28



<u>Count 2</u>: The following civil right has been violated: ___EQUAL PROTECTION RIGHT___
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

(10) Plaintiff hereby reallege and incorporate all proceeding paragraphs as fully set forth herein 1 through 16

(11) Plaintiff is a verified permanently mobility impaired inmate.

(12) Plaintiff allege on April 7 2006 defendant M. Ramirez demonstrated a violation of plaintiff equal protection rights which she knew that plaintiff have a spinal cord injury suffering from chronic lower back pain and which plaintiff requested his pain medication he was denied his prescribed pain medication vicodin in a crushed form on the yard.

(13) On April 6 2006 defendant Carrillo demonstrated a violation of plaintiff equal protection rights when plaintiff informed her that I am suffering from chronic lower back pain and requested his vicodin medication and was denied the pain medication in a crushed form on the yard.

(14) On April 14 2006 defendant A. Lopez demonstrated a violation of plaintiff equal protection rights which he knew that plaintiff have a spinal cord injury suffering from chronic lower back pain and which plaintiff requested his pain medication he was denied his prescribed pain medication vicodin in a crushed form on the yard at the yard clinic.

(15) Each of the defendants knew that plaintiff could received the vicodin pain medication in a crushed form on the yard or at the yard clinic. On April 26 2006 J. Flores (RN) register nurse first level of response to plaintiffs administrative appeal log no. 06-00830 stated, plaintiff can receive crushed vicodin on the yard or at the yard clinic, and the medication is available in pill form in outpatient housing unit.

(16) Once plaintiff arrived at California State Prison on April 7 2006 and was seen by defendant M. Ramirez on duty register nurse who had plaintiff medical files in front of her and knew that plaintiff have a severe spinal cord injury permanently mobility impaired (lower extremities) and knew that he was suffering from chronic lower

1 BACK PAIN AND SHE KNEW PLAINTIFF WAS PRESCRIBED PAIN MEDICATION VICODIN AND

2 DEFENDANT KNEW THAT PLAINTIFF COULD RECEIVE THE VICODIN IN A CRUSHED FORM ON

3 THE YARD AND PLAINTIFF REQUESTED THE MEDICATION HE WAS DENIED IT.

4 (32) ON APRIL 8, 2006 PLAINTIFF INFORMED DEFENDANT CERRILLO THAT IM SUFFERING FROM

5 CHRONIC LOWER BACK PAIN AND PRESCRIBED VICODIN MEDICATION AND REQUESTED

6 THAT SHE GO CHECK MY MEDICAL FILE AND ONCE SHE VERIFY THAT I AM PRESCRIBED

7 THE VICODIN PAIN MEDICATION THAT SHE PROVIDE ME THE MEDICATION. DEFENDANT

8 CERRILLO REFUSED TO CHECK MY MEDICAL FILE, BUT INSTEAD INFORMED PLAINTIFF THAT

9 HE WOULD HAVE TO BE HOUSED IN THE INFIRMARY TO RECEIVE THE VICODIN PAIN

10 MEDICATION. DEFENDANT CERRILLO KNEW THAT PLAINTIFF COULD RECEIVE THE

11 VICODIN PAIN MEDICATION IN A CRUSHED FORM ON THE YARD AND WHEN PLAINTIFF

12 REQUESTED THE VICODIN PAIN MEDICATION DEFENDANT CERRILLO DENIED PLAINTIFF THE

13 PAIN MEDICATION.

14 (33) ON APRIL 14, 2006 PLAINTIFF WAS SEEN AT THE YARD CLINIC BY DEFENDANT A. LOPEZ

15 KNEW THAT PLAINTIFF HAVE A SEVERE SPINAL CORD INJURY PERMANENTLY MOBILITY IMPAIRED

16 (LOWER EXTREMITIS) DEFENDANT KNEW THAT PLAINTIFF WAS SUFFERING FROM CHRONIC LOWER BACK

17 PAIN, DEFENDANT A. LOPEZ KNEW THAT PLAINTIFF WAS TAKING VICODIN PAIN MEDICATION THAT

18 WAS PRESCRIBED BY DR. WILSON ON MARCH 23, 2006 FOR 60 DAYS AT CORCORAN STATE PRISON

19 AND DEFENDANT A. LOPEZ DENIED PLAINTIFF THE PAIN MEDICATION IN A CRUSHED FORM ON

20 THE YARD AT THE YARD CLINIC, WHICH HE KNEW THAT PLAINTIFF COULD RECEIVE THE

21 VICODIN PAIN MEDICATION ON THE YARD IN A CRUSHED FORM.

22 (34) ON MAY 3, 2006 PLAINTIFF WAS ADMITTED INTO THE INFIRMARY OUTPATIENT HOUSING

23 UNIT AND WAS THEN PROVIDED WITH THE PAIN MEDICATION VICODIN BY DEFENDANT

24 A. LOPEZ, BY EACH OF THE DEFENDANTS DENYING PLAINTIFFS HIS PRESCRIBED

25 PAIN MEDICATION VICODIN IN A CRUSHED FORM ON THE YARD AND AT THE YARD

26 CLINIC THE DEFENDANTS ACTED WITH INTENTIONAL DISCRIMINATION AGAINST THE

27 PLAINTIFF WHEN THEY DENIED PLAINTIFF HIS PAIN MEDICATION ON THE YARD IN

28 A CRUSHED FORM, BUT THEN PROVIDED THE SAME PAIN MEDICATION TO PLAINTIFF AND

1    OTHER INMATES IN THE INFIRMARY/OUTPATIENT HOUSING UNIT.

2    (41) THE EQUAL PROTECTION CLAUSE ESSENTIALLY REQUIRES THAT ALL PERSONS

3    SIMILARLY SITUATED BE TREATED ALIKE. IN THIS SITUATION THE DEFENDANTS VIOLATED

4    PLAINTIFF EQUAL PROTECTION RIGHTS WHEN THEY DENIED PLAINTIFF HIS VICODIN PAIN

5    MEDICATION ON THE YARD AND AT THE YARD CLINIC IN A CRUSHED FORM, AT THE

6    SAME TIME PROVIDING OTHER PRISONER THE SAME VICODIN PAIN MEDICATION IN THE

7    OUTPATIENT HOUSING UNIT IN A PILL FORM. THE DEFENDANTS HAS A SUFFICIENT

8    CULPABLE STATE OF MIND KNOWING THAT THEIR WRONG DOING DID NOT ADVANCE

9    OR SUPPORT ANY LEGITIMATE PENOLOGICAL INTEREST AND AS A RESULT

10   PLAINTIFF SUFFERED A CHILLING EFFECT.

11   (42) BY THE DEFENDANTS CONDUCT, AND EACH OF THEM, PLAINTIFF WAS DEPRIVED

12   OF RIGHTS, PRIVILEGES AND IMMUNITIES SECURED TO HIM BY THE FOURTEENTH AMENDMENT

13   OF THE U.S. CONSTITUTION AND LAWS ENACTED THEREUNDER.

14   (43) AS A RESULT OF THE ACTS OF THE DEFENDANTS, PLAINTIFF HAS BECOME MENTALLY

15   UPSET, DISTRESSED AND AGGRAVATED. BY REASON OF THE AFORE DESCRIBED ACTS

16   AND OMISSIONS OF DEFENDANTS, AND EACH OF THEM, PLAINTIFF SUSTAINED NUMEROUS

17   PHYSICAL, MENTAL AND EMOTIONAL INJURIES, INCLUDING, BUT NOT LIMITED TO

18   HUMILIATION, INDIGNITIES WHICH AFFECTED HIS DAILY ACTIVITIES. PLAINTIFF

19   CLAIMS GENERAL DAMAGES FOR SUCH MENTAL DISTRESS AND AGGRAVATION.

20   (44) THE AFORE MENTIONED ACTS OF THE DEFENDANTS WERE WILLFUL, WANTON,

21   MALICIOUS, OPPRESSIVE, VEXATIOUS, DELIBERATE AND DONE WITH RECKLESS

22   INDIFFERENCE TO AND/OR CALLOUS DISREGARD FOR PLAINTIFF RIGHTS AND

23   JUSTIFY AN AWARD OF EXEMPLARY, COMPENSATORY AND PUNITIVE DAMAGES.

24   (45) IN COMMITTING THE ACTS SET FORTH HEREIN ABOVE, EACH OF THE DEFENDANTS

25   VIOLATED PLAINTIFFS FEDERALLY PROTECTED RIGHTS THE 14TH AMENDMENT.

26

27

28

**Count 3**: The following civil right has been violated:

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

**Supporting Facts**: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

§ 1983 SD Form
(Rev. 4/06)

5

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _SYLEE CASTLE_

Defendants: _GEORGE PARKINSON et, al  DEFENDANTS_

(b)  Name of the court and docket number: _U.S. NORTHERN DISTRICT COURT, CASE NO._
_CV-01-20187, U.S. EASTERN DISTRICT COURT, CASE NO. 04-6629_.

(c)  Disposition: [For example, was the case dismissed, appealed, or still pending?] _APPEAL_
_STILL PENDING ON BOTH CASES_.

(d)  Issues raised: _DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS_
_ON BOTH CASES_

_____

_____

_____

(e)  Approximate date case was filed: _MARCH 6, 2001_.

(f)  Approximate date of disposition: _JANUARY 7, 2008_.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

_ON APRIL 8, 2006 PLAINTIFF FILED AN ADMINISTRATIVE APPEAL / REASONABLE MODIFICATION OR_
_ACCOMMODATION REQUEST REGARDING THE APRIL 7, 2006 INCIDENT. ON APRIL 24, 2006 PLAINTIFF_
_RECEIVED A FIRST LEVEL OF RESPONSE TO APPEAL LOG NO. 06-00830 THAT WAS PARTIALLY_
_GRANTED ON THE FIRST LEVEL OF REVIEW. ON MAY 30, 2006 PLAINTIFF FILED A SECOND LEVEL_
_OF RESPONSE TO APPEAL LOG NO. 06-00830. ON JUNE 29, 2006 PLAINTIFF RECEIVED A SECOND_
_LEVEL OF RESPONSE TO APPEAL LOG NO. 06-00830 THAT WAS PARTIALLY GRANTED ON THE_
_SECOND LEVEL OF REVIEW. ON JULY 14, 2006 PLAINTIFF FILED A DIRECTORS LEVEL OF REVIEW TO_
_APPEAL LOG NO. 06-00830. ON OCTOBER 12, 2006 PLAINTIFF RECEIVED A DIRECTORS LEVEL OF REVIEW_
_TO APPEAL LOG NO. 06-00830 WAS DENIED. THIS FULLY EXHAUSTS (CDCR) ADMINISTRATIVE_
_REMEDIES TO APPEAL LOG NO. 06-00830 SEE ATTACHED (EXHIBIT A)._

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _PREVENTING DEFENDANTS, THEIR SUCCESSORS IN OFFICE, AGENTS, EMPLOYEES, AND ALL OTHER PERSON IN ACTIVE CONCERT AND PARTICIPATING WITH THEM, FROM HARRASSING, THREATENING, PUNISHING OR RETALIATING IN ANY WAY AGAINST PLAINTIFF, BECAUSE HE HAS FILED THIS ACTION_

2. Damages in the sum of $ _GENERAL_ _2000,000_.

3. Punitive damages in the sum of $ _4,000,000_.

4. Other: _COMPENSATORY IS 2,000,000, SPECIAL DAMAGES IS 2,000,000 INTEREST AS PROVIDED BY LAW FOR THE COST OF THIS SUITE._

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_APRIL 29, 2008_
Date

_[signature]_
Signature of Plaintiff

"EXHIBIT A"

RECEIVED CAL APPEALS APR 1 1 2006

STATE RECEIVED CAL APPEALS JUN 0 7 2006                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION | LOG NUMBER | CATEGORY |
|---|---|---|
| CAL | C 08 00850 | 18: ADA |

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

CASTLE, Sylee

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| CASTLE | C-82790 | | | C-3-149 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

SPINAL CORD INJURY PERMANENTLY MOBILITY IMPAIRED (LOWER EXTREMITIES)

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

DISABILITY PLACEMENT PROGRAM VERIFICATION

DESCRIBE THE PROBLEM:

ON MARCH 23, 2006 AT CALIFORNIA STATE PRISON - CORCORAN INMATE CASTLE WAS PRESCRIBED VIKINTIN PAIN MEDICATION FROM MARCH 23, 2006 TO MAY 23, 2006 per MEDICAL DOCTOR do to CHRONIC PAIN FROM A SEVERE SPINAL CORD INJURY. APRIL 7, 2006 AT APPROXIMATELY 1:00 pm I ARRIVED AT CSP-CALIPATRIA, AND AT APPROXIMATELY 3:30 pm I WAS SEEN BY THE ON DUTY R.N. AT RECEIVING & RELEASE AND WAS ASKED WHAT TYPE OF MEDICATION WAS PRESCRIBED AND CURRENTLY TAKEN, I INFORMED THE R.N. THAT IM TAKING VIKINTIN AND I (SEE SUPPLEMENTAL PAGE)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I request MY MEDICATION BECAUSE IM IN PAIN.

Castle                                              April 8, 2006

INMATE/PAROLEE'S SIGNATURE                         DATE SIGNED

INMATE APPEALS BRANCH RECEIVED JUL 28 2006

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

## REVIEWER'S ACTION

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: APR 1 1 2006
DATE DUE: 5/2/06

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☐ Auxiliary Aid or Device Requested

☒ Other  PAIN MEDICATION

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:**

*PLEASE SEE ATTACHED RESPONSE*

4/26/06
DATE INMATE/PAROLEE WAS INTERVIEWED

J. FLORES, RN
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED    ☐ DENIED    ☒ PARTIALLY GRANTED

**BASIS OF DECISION:**

*PLEASE SEE ATTACHED RESPONSE*

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| J. FLORES, RN | STAFF RN | CAL |

## APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|
| M. CONN, MD, CMO/HCM | 5/25/06 |

DATE RETURNED TO INMATE/PAROLEE
MAY 3 0 2006

RECEIVED CAL APPEALS    JUN 0 7 2006

requested the medication and was denied. On April 8, 2006 at approximately 1:00 pm the on duty MTA CERRILLO came to my cell and I also informed her that I am suffering from chronic pain and taking vicadin medication and I requested that she go check my medical file and once she has verified that I'm on the chronic pain medication that she provide me with the medication.

MTA Cerrillo stated that if I give you this medication I would have to be housed in the infirmary. At CSP-Corcoran the MTA would bring my medication to me daily without me being in the infirmary. I see no reason why I would have to be placed in the infirmary to receive my medication, and I see no reason why I'm not receiving my prescribed medication, it was made clear by MTA Cerrillo that the medication is available.

Castle C·82790

1 7

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

| | | |
|---|---|---|
| **Inmate:** | **CASTLE, S** | **Attachment** |
| **CDC #** | C-82790 | |
| **Appeal #** | **CAL-C-06-00830** | |

## REVIEWER'S ACTION

### TYPE OF ADA ISSUE

☒ **PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)**

   ☐ **Auxiliary Aid or Device Requested**

   ☒ **Other: PAIN MEDICATION**

☐ **PHYSICAL ACCESS (Requiring structural modification)**

**DISCUSSION OF FINDINGS:** The appellant was interviewed at +/- 1000 hours on April 26, 2006, by J. FLORES, RN. The appellant is requesting pain medication for an old spinal cord injury. He states that he arrived at Calipatria State Prison on April 7, 2006. He states that he was evaluated by the R&R Nurse and he advised her that he was taking Vicodin. However, he was denied the medication. When he discussed the issue with S. CERRILLO, MTA, he was advised that he could not be prescribed Vicodin and still be housed on the yard. The appellant is requesting that he be prescribed Vicodin for use on the yard.

| | |
|---|---|
| **4/26/2006** | J. FLORES, RN |
| DATE INMATE/PAROLEE WAS INTERVIEWED | PERSON WHO CONDUCTED INTERVIEW |

### DISPOSITION

☐ **GRANTED**    ☐ **DENIED**    ☒ **PARTIALLY GRANTED**

**BASIS OF DECISION:** You were evaluated / interviewed on 4/26/06 by Mr. A. LOPEZ, NP. At that time you were provided Chronos for a lower bunk/tier, use of a cane, orthopedic shoes, waist restraints, and no prolonged walking, bending, and no lifting. These Chronos must be approved by the Chrono Committee. You will be advised of their decision when you receive your (Gold) copy of the chrono. Mr. LOPEZ also referred you for a Neurology, and an Orthopedic consultation. Your were given a prescription for medication and advised to return to the clinic in one month. Please be advised that Vicodin is a medication that is not allowed on the Yard at Calipatria State Prison in its solid form. You can receive crushed Vicodin on the yard at the Clinic. In the Outpatient Housing Unit it is available in pill form. Mr. LOPEZ has substituted Baclofen for the pain medication that you were receiving at your former Institution and this may actually work better for you.

The Request is **PARTIALLY GRANTED** in that the appellant has been evaluated, the appropriate pain medications, and chronos have been prescribed.

| DISPOSITION RENDERED BY: (Name) | TITLE: | INSTITUTION FACILITY: |
|---|---|---|
| J. FLORES, RN | **Staff RN** | **CAL** |

### APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE: | DATE SIGNED: |
|---|---|
| M. LEVIN, MD, CMO/HCM | 5/25/06 |

1 6

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

ATTACHMENT
TO: 06-830

| Location: | Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. _____ | | 1. _____ | | 18  8 |
| | 2. _____ | | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| CASTLE | C-82790 | | INFIRMARY 13 |

A. Describe Problem: _____
_____
_____
_____
_____
_____
_____
_____

If you need more space, attach one additional sheet.

B. Action Requested: _____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted: _____

RECEIVED
INMATE APPEALS BRANCH
JUL 28 2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____
_____
_____
_____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

12

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____                    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied: Appellant is very aware that vicodin is not allow on no CDC prison yard in a solid form. The issue is this, I was denied the pain medication completly by Ramirez R.N. And on 4/14/06 I was denied the pain medication completly by A. Lopez N.P. Both the R.N. Ramirez and N.P. Lopez could have crushed the vicodin and observed me taking the medication infront of them, I
(see supplemental page)

Signature: _____Costa_____    Date Submitted: 5/30/06

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other    JUN 0 8 2006

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: 6/21/06
☑ See Attached Letter

Signature: _N. Lopez NPC_    A. Lopez, RN, FNP    Date Completed: 6/27/06
Warden/Superintendent Signature: _____ MD    M. Levin, MD, CMO/PHCN    6/27/06    Date Returned to Inmate: 7/5/06

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied: In A. Lopez nurse practitioner stated in his second level of response, I see no reason why I would have to be placed in the infirmary to received my medication, and I see no reason why Im not receiving my prescribed medication ... The appellant is currently in the outpatient housing unit (not specifically for pain management) and has been prescribed pain medication as deemed medically necessary. On april 7, 2006 upon my arrival at CSP. California I was denied the vicodin pain medication by Ramirez register nurse in the crushed or pill form. On april 14, 2006 I was seen by
(see supplemental page)

Signature: _____Costa_____    Date Submitted: 7/14/06

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____
☑ See Attached Letter
Date:    OCT 1 3 2006

CDC 602 (12/87)

WAS denied the pain medication completly. DR. Lopez N.P. did not substituted the Baclofen medication for the pain medication, because I was already prescribed the Baclofen medication at CSP-Corcoran for muscle spasms before I even arrived at CSP-Calipatria, the same as I was prescribed the Vicodin medication at CSP-Corcoran for chronic pain. But once I arrived at CSP-Calipatria I was denied the Vicodin pain medication completly even in the crushed form, and the Baclofen has never released the chronic pain, on May 3, 2006 ~~and shall further~~ is the first time I was ~~may reward~~ issued the pain medication and this is why im receiving the Vicodin medication today May 30, 2006 do to chronic pain. And there is no justifiable reason why I should have been denied the pain medication in crushed form, and there is no justifiable reason why I had to suffer chronic pain for 27 days when the pain medication was available and could have been prescribed and issued to me in crushed form.

Castle C-82790

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**Date**      :   June 29, 2006

**To**        :   Inmate S. CASTLE,    C82790
                  INF - 013

**Subject**   :   SECOND LEVEL APPEAL RESPONSE
                  LOG NO:  CAL-C-06-00830

**ISSUE:**      The appellant is submitting this appeal relative to Medications.
It is the appellant's position that upon arrival at Calipatria State Prison he was denied medication (Vicodin) by both
M. RAMIREZ, and A. LOPEZ, RN, FNP.

The appellant requests that he be provided medication because he is in pain.

**INTERVIEWED BY:**      J. FLORES, RN, on April 26, 2006.

**REGULATIONS:** The rules governing this issue are:

    California Code of Regulations, Title 15, Article (CCR) 3350. **Provision of Medical Care and Definitions**

**DISCUSSION:** In consideration of this appeal, a review of the appeal and its attachments was conducted. The
CCR and all applicable laws and procedures were also considered along with the contents of the appellant's Unit
Health Record (UHR) and a personal interview.

The appellant was advised in the First Formal Level Response that he had been evaluated and that an alternate
medication had been prescribed. Since that response was written, the appellant has resubmitted the Reasonable
Modification or Accommodation Request stating that "...I see no reason why I would have to be placed in the
infirmary to receive my medication, and I see no reason why Im (Sic) not receiving my prescribed medication..."
The appellant is currently in the Outpatient Housing Unit (not specifically for pain management) and has been
prescribed pain medication as deemed medically necessary.

**DECISION:**   The appeal is **Partially Granted** at the Second Formal Level in that the appeal has been reviewed at
the Second Formal Level, and the appellant has been evaluated and pain medications have been prescribed as
deemed medically necessary.

The appellant is advised that his issue may be submitted for a Director's Level Review within 15 days of receipt of
this response if desired.

A. LOPEZ, RN, FNP                       Reviewed by:              M. LEVIN, MD
Nurse Practitioner                                                Chief Medical Officer
Calipatria State Prison                                           Calipatria State Prison

A. Lopez Nurse practitioner who also denied me the vicodin pain medication in a crushed form or pill form that was prescribed to me by medical doctors at CSP- Corcoran. Ms A Cerrillo was very correct when she informed Appellant on April 8, 2006 the only way I would receive the vicodin pain Medication I would have to be housed in the Infirmary. On May 3, 2006 Appellant was admitted in the outpatient Housing Unit/Infirmary thats when they prescribed the vicodin pain medication to Appellant. Befor then I was denied the vicodin pain medication for 27 days, during these 27 days Appellant suffered serious chronic lower back pain from a spinal cord injury that affected my daily activities, I even had problems with sleeping, I was in so much pain.

The alternate medication BACLOFEN that was ~~renewed~~ updated at CSP- Calipatria on April 14, 2006 by A. Lopez Nurse practitioner was already prescribed to Appellant at CSP- CORCORAN medical doctors for muscle spasms befor I even arrived at CSP- Calipatria, the same as the vicodin medication by medical doctor for chronic pain at CSP- ~~Calipatria~~ Corcoran was prescribed to Appellant befor I even arrived at CSP- Calipatria

So the BACLOFEN medication A. Lopez Nurse practitioner updated was not an alternate or substitute medication, the BACLOFEN medication is the same prescription that was prescribed to Appellant at CSP- CORCORAN.