# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br>CDCR #C-82790,<br><br>          Plaintiff,<br><br>vs.<br><br>M. RAMIREZ, Correctional Nurse;<br>A. LOPEZ, Correctional Nurse;<br>CERRILLO, Correctional Medical Trainee Assistant,<br><br>         Defendants. | Civil No. 08-0347 DMS (POR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.     Procedural History

On February 8, 2008, Sy Lee Castle ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. In his Original Complaint, Plaintiff alleged that Defendants Ramirez and Lopez denied him pain medication upon his arrival at Calipatria State Prison.

////

On March 28, 2008, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) but sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which § 1983 relief could be granted. *See* Mar. 28, 2008 Order at 6-7. Nevertheless, the Court granted Plaintiff leave to file an amended complaint in order to correct the deficiencies of pleading identified by the Court in its Order. *Id.* at 7. Plaintiff filed his First Amended Complaint ("FAC") on May 6, 2008.

## II.   Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1 *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's
2 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
3 which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
4 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the
5 court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
6 *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7     As currently pleaded, it is clear that, once again, Plaintiff's First Amended Complaint
8 fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential
9 proof requirements upon a claimant: (1) that a person acting under color of state law committed
10 the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or
11 immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983;
12 *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d
13 1350, 1354 (9th Cir. 1985) (en banc).

14     In order to assert a claim for inadequate medical care, Plaintiff must allege facts which
15 are sufficient to show that each person sued was "deliberately indifferent to his serious medical
16 needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106
17 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical
18 needs. *Estelle*, 429 U.S. at 105-06. In addition, a mere difference of opinion between an inmate
19 and prison medical personnel regarding appropriate medical diagnosis and treatment are not
20 enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.
21 1989).

22     Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an
23 objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of
24 comment, one which significantly affects his daily activities, or one which is chronic and
25 accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);
26 and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual
27 Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In other words, Plaintiff must plead
28 facts that show that Defendants knew of his "serious" need for medical attention and that each

one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*, 511 U.S. at 837.

The Court has reviewed Plaintiff's First Amended Complaint and finds that there are no substantial differences in the factual allegations which were deemed insufficient in Plaintiff's original Complaint. As before, Plaintiff alleges that he was denied pain medication upon his arrival at Calipatria State Prison for a period of approximately thirty (30) days. *See* FAC at 10. Plaintiff admits that he was told that he could have his pain medication if he was willing to be housed in the infirmary. (*Id.*) Eventually, Plaintiff agreed to be housed in the infirmary at which time he began to receive his pain medication. (*Id.* at 10-11.)

Based on these claims, the Court finds that the alleged actions by Defendants do not rise to the level of deliberate indifference. As the Court stated before, Plaintiff would have received his pain medication if he went to the infirmary, it appears that he made the choice not to go to the infirmary. Plaintiff is not entitled to be treated at the location he preferred. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). "[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." *Id.* Thus, once again, the Court finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted.

In addition, Plaintiff claims that his Fourteenth Amendment right to equal protection has been violated. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging violation of equal protection must allege membership in a protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply

conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Moreover, Plaintiff must also allege Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *See Barren*, 152 F.3d at 1194. Plaintiff claims that there is an equal protection violation because he should have been able to receive his pain medication whether he was housed "in the yard" or at the infirmary. *See* FAC at 11. These allegations fall far short of the necessary pleading requirements for a Fourteenth Amendment equal protection claim, and thus, these claims must be dismissed for failing to state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

For these reasons, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED: August 11, 2008

_____
HON. DANA M. SABRAW
United States District Judge