1  SY LEE CASILL C-82790

2  KVSP  D-5-122

3  P.O. BOX 5102

4  DELANO, CA. 93216

5

6

7              UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9

10  SY LEE CASILL                    CASE NO    08-0347 DMS (POR)

11        PLAINTIFF                     NOTICE OF APPEAL

12  V

13  H. RAMIREZ, CORRECTIONAL NURSE;

14  A. LOPEZ, CORRECTIONAL NURSE;

15  CERRILLO, CORRECTIONAL MEDICAL

16  TRAINEE ASSISTANT,

17        DEFENDANTS

18

19       PLAINTIFF SY LEE CASILL IS PROCEEDING IN PRO-SE PURSUANT TO

20  FEDERAL RULES OF CIVIL PROCEDURE 73 (C), HEREBY APPEAL FROM THE JUDGMENT

21  OF THE COURT ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE

22  A CLAIM PURSUANT TO 28 U.S.C. § 1915 (E)(2) AND 1915 A (b).

23

24

25  DATED:  AUGUST 19, 2008

26

27                                    Sy Lee Casill

28

# UNITED STATES DISTRICT COURT

### Southern District of California

Sy Lee Castle

                                    Plaintiff,

v.                                                    Case No.: 3:08−cv−00347−DMS−POR
                                                      Judge  Dana M. Sabraw

M Ramirez, et al.

                                    Defendant.

_____

### JUDGMENT IN A CIVIL CASE

_____    **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__    **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED Plaintiffs First Amended Complaint is Dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. &#167; 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiffs § 1983 claims would be futile at this time, leave to amend is Denied.

                                                      W. Samuel Hamrick, Jr.,
                                                      Clerk of the Court

Date: 8/11/08

                                                      By: s/ L. Odierno, Deputy Clerk

                                                      ENTERED ON: August 11, 2008

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| SY LEE CASTLE,<br>CDCR #C-82790,<br><br>                      Plaintiff,<br><br>          vs.<br><br>M. RAMIREZ, Correctional Nurse;<br>A. LOPEZ, Correctional Nurse;<br>CERRILLO, Correctional Medical Trainee<br>Assistant,<br><br>                    Defendants. | Civil No.    08-0347 DMS (POR)<br><br>**ORDER DISMISSING FIRST<br>AMENDED COMPLAINT FOR<br>FAILURE TO STATE A CLAIM<br>PURSUANT TO  28 U.S.C.<br>§§ 1915(e)(2) AND 1915A(b)** |

21

## I.    Procedural History

On February 8, 2008, Sy Lee Castle ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983.  In his Original Complaint, Plaintiff alleged that Defendants Ramirez and Lopez denied him pain medication upon his arrival at Calipatria State Prison.

////

1    On March 28, 2008, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*
2  ("IFP") pursuant to 28 U.S.C. § 1915(a) but sua sponte dismissed Plaintiff's Complaint for
3  failing to state a claim upon which § 1983 relief could be granted. *See* Mar. 28, 2008 Order at
4  6-7. Nevertheless, the Court granted Plaintiff leave to file an amended complaint in order to
5  correct the deficiencies of pleading identified by the Court in its Order. *Id.* at 7. Plaintiff filed
6  his First Amended Complaint ("FAC") on May 6, 2008.

7  **II.    Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

8    As the Court stated in its previous Order, notwithstanding IFP status or the payment of
9  any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C.
10 § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds
11 "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking
12 monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
13 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
14 § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.
15 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to
16 sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

17   Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte
18 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as
19 amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to
20 the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing
21 the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at
22 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.
23 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of
24 process is made on the opposing parties").

25   "[W]hen determining whether a complaint states a claim, a court must accept as true all
26 allegations of material fact and must construe those facts in the light most favorable to the
27 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194
28 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1   *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

2   pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

3   which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

4   (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the

5   court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

6   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7        As currently pleaded, it is clear that, once again,  Plaintiff's First Amended Complaint

8   fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential

9   proof requirements upon a claimant: (1) that a person acting under color of state law committed

10  the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

11  immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983;

12  *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d

13  1350, 1354 (9th Cir. 1985) (en banc).

14       In order to assert a claim for inadequate medical care, Plaintiff must allege facts which

15  are sufficient to show that each person sued  was "deliberately indifferent to his serious medical

16  needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106

17  (1976).  Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical

18  needs. *Estelle*, 429 U.S. at 105-06.  In addition, a mere difference of opinion between an inmate

19  and prison medical personnel regarding appropriate medical diagnosis and treatment are not

20  enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.

21  1989).

22       Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an

23  objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of

24  comment, one which significantly affects his daily activities, or one which is chronic and

25  accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);

26  and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual

27  Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  In other words, Plaintiff must plead

28  facts that show that Defendants knew of his "serious" need for medical attention and that each

1  one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*,

2  511 U.S. at 837.

3        The Court has reviewed Plaintiff's First Amended Complaint and finds that there are no

4  substantial differences in the factual allegations which were deemed insufficient in Plaintiff's

5  original Complaint. As before, Plaintiff alleges that he was denied pain medication upon his

6  arrival at Calipatria State Prison for a period of approximately thirty (30) days. *See* FAC at 10.

7  Plaintiff admits that he was told that he could have his pain medication if he was willing to be

8  housed in the infirmary. (*Id.*) Eventually, Plaintiff agreed to be housed in the infirmary at which

9  time he began to receive his pain medication. (*Id.* at 10-11.)

10        Based on these claims, the Court finds that the alleged actions by Defendants do not rise

11  to the level of deliberate indifference. As the Court stated before, Plaintiff would have received

12  his pain medication if he went to the infirmary, it appears that he made the choice not to go to

13  the infirmary. Plaintiff is not entitled to be treated at the location he preferred. *See Jackson v.*

14  *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). "[W]here a defendant has based his actions on a

15  medical judgment that either of two alternative courses of treatment would be medically

16  acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a

17  matter of law." *Id.*   Thus, once again, the Court finds that Plaintiff has failed to state an Eighth

18  Amendment claim upon which relief can be granted.

19        In addition, Plaintiff claims that his Fourteenth Amendment right to equal protection has

20  been violated. Equal protection claims arise when a charge is made that similarly situated

21  individuals are treated differently without a rational relationship to a legitimate state purpose.

22  *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a § 1983

23  claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a

24  plaintiff must show that the defendant acted with intentional discrimination against plaintiff or

25  against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S.

26  562, 564 (2000) (plaintiff alleging violation of equal protection must allege membership in a

27  protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Barren*

28  *v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply

1    conclusions, that show that an individual was personally involved in the deprivation of his civil

2    rights." *Id.* Moreover, Plaintiff must also allege Defendants acted with an intent or purpose to

3    discriminate against him based on his membership in a protected class. *See Barren*, 152 F.3d

4    at 1194. Plaintiff claims that there is an equal protection violation because he should have been

5    able to receive his pain medication whether he was housed "in the yard" or at the infirmary. *See*

6    FAC at 11.    These allegations fall far short of the necessary pleading requirements for a

7    Fourteenth Amendment equal protection claim, and thus, these claims must be dismissed for

8    failing to state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27;

9    *Resnick*, 213 F.3d at 446.

10            For these reasons, the Court finds that Plaintiff's First Amended Complaint fails to state

11    a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal

12    pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

13    **III.    Conclusion and Order**

14            Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

15            Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon

16    which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover,

17    because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time,

18    leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.

19    1996) (denial of a leave to amend is not an abuse of discretion where further amendment would

20    be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D.

21    Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in

22    law, this action should be dismissed without leave to amend; any amendment would be futile.")

23    (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

24            The Clerk shall close the file.

25    DATED: August 11, 2008

26

27                                                    HON. DANA M. SABRAW
                                                      United States District Judge
28

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SY LEE CASTLE,<br>12  CDCR #C-82790,<br>13                                  Plaintiff,<br>14<br>15                    vs.<br>16<br>17<br>18  M. RAMIREZ, Correctional Nurse;<br>    A. LOPEZ, Correctional Nurse;<br>19<br>20<br>21                             Defendants.<br>22<br>23 | Civil No.    08-0347 DMS (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO<br>PROCEED** *IN FORMA PAUPERIS*,<br>**IMPOSING NO PARTIAL FILING<br>FEE, GARNISHING $350 BALANCE<br>FROM PRISONER'S TRUST<br>ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT<br>FOR FAILURE TO STATE A<br>CLAIM PURSUANT TO  28 U.S.C.<br>§§ 1915(e)(2) AND 1915A(b)** |

24        Sy Lee Castle ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State

25 Prison located in Delano, California, and proceeding pro se, has submitted a civil action pursuant

26 to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Ramirez and Lopez denied him pain

27 medication upon his arrival at Calipatria State Prison.

28 ////

1    Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

2    he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

3    [Doc. No. 2]

4    **I.     Motion to Proceed IFP [Doc. No. 2]**

5    All parties instituting any civil action, suit or proceeding in a district court of the United

6    States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

7    U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee

8    only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

9    *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to

10   proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their

11   action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d

12   844, 847 (9th Cir. 2002).

13   Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

14   prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

15   statement (or institutional equivalent) for the prisoner for the six-month period immediately

16   preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

17   1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial

18   payment of 20% of (a) the average monthly deposits in the account for the past six months, or

19   (b) the average monthly balance in the account for the past six months, whichever is greater,

20   unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The

21   institution having custody of the prisoner must collect subsequent payments, assessed at 20%

22   of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

23   forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.

24   § 1915(b)(2).

25   The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

26   § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

27   28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust

28   account statement shows that he has no available funds from which to pay filing fees at this time.

1   *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from

2   bringing a civil action or appealing a civil action or criminal judgment for the reason that the

3   prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281

4   F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal

5   of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to

6   him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed

7   IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However,

8   the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk

9   of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

10  **II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

11          Notwithstanding IFP status or the payment of any partial filing fees, the Court must

12  subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening

13  and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a

14  claim upon which relief may be granted, or seeking monetary relief from a defendant immune

15  from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

16  2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

17  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

18  only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that

19  fails to state a claim).

20          Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

21  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as

22  amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to

23  the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing

24  the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at

25  845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.

26  1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of

27  process is made on the opposing parties").

28  ////

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194

4    (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

5    *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's

6    pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

7    which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

8    (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the

9    court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

10    *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11    As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim

12    under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a

13    claimant: (1) that a person acting under color of state law committed the conduct at issue, and

14    (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

15    Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S.

16    637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en

17    banc).

18    In order to assert a claim for inadequate medical care, Plaintiff must allege facts which

19    are sufficient to show that each person sued was "deliberately indifferent to his serious medical

20    needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106

21    (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical

22    needs. *Estelle*, 429 U.S. at 105-06. In addition, a mere difference of opinion between an inmate

23    and prison medical personnel regarding appropriate medical diagnosis and treatment are not

24    enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.

25    1989).

26    Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an

27    objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of

28    comment, one which significantly affects his daily activities, or one which is chronic and

1    accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);

2    and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual

3    Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In other words, Plaintiff must plead

4    facts that show that Defendants knew of his "serious" need for medical attention and that each

5    one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*,

6    511 U.S. at 837.

7    Here, Plaintiff fails to allege specific facts from which the Court could find that he has

8    adequately stated that either Defendant was deliberately indifferent to a serious medical need.

9    Plaintiff alleges that, upon his transfer to Calipatria State Prison, Defendants Ramirez and Lopez

10   denied him access to pain medication unless he was admitted to the infirmary. (*See* Compl. at

11   5.) They explained to Plaintiff that his prescription for vicodin was not permitted in the general

12   population. (*Id.*) Plaintiff informed these Defendants that he saw "no reason why I would have

13   to be placed in the infirmary to receive my pain medication." (*Id.*) Plaintiff was later admitted

14   into the infirmary at which time he began receiving his prescription for vicodin. (*Id.* at 6.)

15   Based on these claims, the Court finds that the alleged actions by Defendants do not rise

16   to the level of deliberate indifference. Plaintiff would have received his pain medication if he

17   went to the infirmary, it appears that he made the choice not to go to the infirmary. Thus, the

18   Court finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can

19   be granted.

20   In addition, Plaintiff claims that his Fourteenth Amendment right to equal protection have

21   been violated. (*See* Compl. at 8-9). Equal protection claims arise when a charge is made that

22   similarly situated individuals are treated differently without a rational relationship to a legitimate

23   state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state

24   a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth

25   Amendment, a plaintiff must show that the defendant acted with intentional discrimination

26   against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook*

27   *v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging violation of equal protection must allege

28   membership in a protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th

1   Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege

2   facts, not simply conclusions, that show that an individual was personally involved in the

3   deprivation of his civil rights." *Id.* Moreover, Plaintiff must also allege Defendants acted with

4   an intent or purpose to discriminate against him based on his membership in a protected class.

5   *See Barren*, 152 F.3d at 1194. In its current form, Plaintiff's Complaint falls short of these

6   necessary pleading requirements, and for this reason alone, it must be dismissed for failing to

7   state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213

8   F.3d at 446.

9       Accordingly, he Court finds that Plaintiff's Complaint fails to state a section 1983 claim

10  upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

11  §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend

12  his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint

13  fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and

14  without leave to amend.

15  **III.   Conclusion and Order**

16      Good cause appearing, **IT IS HEREBY ORDERED** that:

17      1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is

18  **GRANTED**.

19      2.    The Secretary of California Department of Corrections and Rehabilitation, or his

20  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

21  owed in this case by collecting monthly payments from the account in an amount equal to twenty

22  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

23  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

24  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

25  ASSIGNED TO THIS ACTION.

26      3.    The Clerk of the Court is directed to serve a copy of this Order on James Tilton,

27  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

28  Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.      The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  March 28, 2008

_____
HON. DANA M. SABRAW
United States District Judge

# Notice of Appeal Notification Form

**To:**   Clerk, U.S. Court of Appeals                                    **Date:** 8/28/2008
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:    Sy Lee Castle v. M. Ramirez, Correctional Nurse; A. Lopez, Correctional Nurse;
               Cerrillo, Correctional Medical Trainee Assistant

U.S.D.C. No.:    08cv347-DMS-POR              U.S.D.C. Judge:    Dana M. Sabraw

Complaint/Indictment/Petition Filed:    Complaint

Appealed Order Entered:      8/11/2008

Notice of Appeal Filed:    8/27/2008

Court Reporter:    n/a

COA Status:    ☐ Granted in full/part (appeal only)            ☐ Denied (send clerk's file)

## Docket Fee Notification
Docket Fee:    ☐ Paid              ☐ Not Paid            [x] No Fee Required

USA/GOVT. APPEAL:        ☐ Yes    [x] No

Date F/P granted (Show Date and Attach Copy of Order):    3/28/2008

Was F/P Status Revoked?        ☐ Yes      [x] No

Companion Case(s): (Please list consolidated cases, if applicable)

## Counsel Information
**Appellant Counsel:**                          **Appellee Counsel:**

Sy Lee Castle                                   Attorney General
C-82790                                         State of California
Kern Valley State Prison                        110 West A Street, Suite 1100
PO Box 5102                                     San Diego, CA 92101-5266
Delano, CA 93216                                (619) 645-2076

Counsel Status:    ☐ Retained        ☐ Appointed    [x] Pro Se
Appointed by:
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number:    _C-82790_____

Bail:    _____

Custody:    _____x_____

### SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule.  (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Judgment, entered 8/11/2008; Order Dismissing First Amended Complaint for Failure to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), entered 8/11/2008; Order (1) Granting Motion to Proceed in Forma Pauperis imposing no partial filing fee, garnishing $350 Balance from prisoner's trust account 2 and (2) Dismissing Complaint for Failure to State a Claim pursuant to 28 U.S.C. 1915(e)(2) and 1915A(b), entered 3/28/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Angela Rowland

_A Rowland_

_____            _____

Deputy's Name                                    Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:    Clerk, U.S. Court of Appeals
       P.O. Box 193939
       San Francisco, CA 94119-3939

Re:    USCA No:
       USDC No:    08cv347-DMS-POR
       Castle v. Ramirez et al

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in ____ set(s) of ____ volume(s). | | |
| | Reporter's transcript's transcripts in ____ set(s) of ____ volume(s). | | |
| | Exhibits in ____ envelope(s) ____ box(es) ____ folders(s) | | |
| x | Judgement Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order Dismissing First Amended Complaint for Failure to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), entered 8/11/2008; Order (1) Granting Motion to Proceed in Forma Pauperis imposing no partial filing fee, garnishing $350 Balance from prisoner's trust account 2 and (2) Dismissing Complaint for Failure to State a Claim pursuant to 28 U.S.C. 1915(e)(2) and 1915A(b), entered 3/28/2008 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: *A Rowland*

Angela Rowland, **Deputy**

Date: